IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| FELIX ANTONIO RAYFORD, a/k/a CHIEF, a/k/a BOSS; JAHMORIE AHMIL NANCE, a/k/a STEVE; and RAMARR IVIN SHEPPARD | Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846; 18 U.S.C. § 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about September 2025 through the date of this Indictment, in the

Districts of North Dakota, Minnesota, Northern Illinois, and elsewhere,

FELIX ANTONIO RAYFORD, a/k/a CHIEF, a/k/a BOSS;
JAHMORIE AHMIL NANCE, a/k/a STEVE; and
RAMARR IVIN SHEPPARD

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute mixtures and substances containing detectable amounts of

methamphetamine and fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide), Schedule II controlled substances, in violation of Title 21, United States

Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Drug Quantity

The amounts involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, are 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(viii) and 841(b)(1)(B)(vi).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.    It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine and fentanyl, Schedule II controlled substances, within the states of North Dakota, Minnesota, Illinois, and elsewhere;

2.    It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.    It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and fentanyl;

4.    It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

2

5. It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

6. It was further a part of said conspiracy that one or more conspirators used violence and intimidation to protect their criminal activities;

7. It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, and Illinois to obtain, transport, and distribute methamphetamine and fentanyl;

8. On or about January 26, 2026, JAHMORIE AHMIL NANCE, a/k/a STEVE, and RAMARR IVIN SHEPPARD possessed with intent to distribute approximately 1,800 grams of methamphetamine in Grand Forks, North Dakota;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

3

## COUNT TWO

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about January 26, 2026, in the District of North Dakota,

JAHMORIE AHMIL NANCE, a/k/a STEVE; and
RAMARR IVIN SHEPPARD

did knowingly and intentionally possess with intent to distribute 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

A TRUE BILL:

See Note*
_____
Foreperson

/s/ Nicholas W. Chase
_____
NICHOLAS W. CHASE
United States Attorney

MPK/tah

*No foreperson signature.  Original Indictment has been corrected by Order of the Court.

4