Local AO 472 (Rev. 5/19)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

United States of America,                                )
                                                         )          ORDER OF DETENTION PENDING
              Plaintiff,                                 )           TRIAL
                                                         )
              vs.                                        )          Case No.  3:26-cr-40
                                                         )
Ramarr Ivin Sheppard                                     )
              Defendant.                                 )

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

## PART I – FINDINGS AND CONCLUSIONS

[✓] **Alternative A –** The Court finds:

[✓] (1)  (a)  There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**

[ ]      (b)  Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**

[ ] (2)  (a)  Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**

[✓]      (b)  Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

[ ] **Alternative B –** The Court finds one or more of the following:

[ ] (1)  The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.

[ ] (2)  The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.

[ ] (3)  The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

[ ] **Alternative C –** The Court finds one of the following:

[ ] (1)  Defendant does not contest detention at this time.
[ ] (2)  Defendant is not eligible for release at this time.
[ ] (3)  Defendant shall remain in custody until a residential reentry placement is available.

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

See attached written statement.

## PART III – DIRECTIONS REGARDING DETENTION

    Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date:  3/25/2026

                                              */s/ Alice R. Senechal*
                                              United States Magistrate Judge

<u>Part II – Written Statement of Reasons</u>

On March 24, 2026, the court held a hearing on the United States' motion for pretrial detention of Ramarr Ivin Sheppard. The United States asserted the presumption of detention that applies because of the nature of the charges against Sheppard. The United States also proffered evidence concerning the charges and of Sheppard having used a false name to purchase bus tickets to North Dakota, where he was found in a vehicle where a large quantity of methamphetamine was found. Additionally, the United States pointed to Sheppard's lack of employment and lack of ties to this district. Sheppard requested release to reside with family in Illinois, as the Pretrial Services Officer recommended. He proffered evidence of employability and of strong family support in that area. The Pretrial Services Officer, however, does not consider the applicable presumption of detention or the weight of the evidence. The court views the availability of a residence with family as sufficient to rebut the presumption of detention. But, the presumption must be considered along with other evidence, and when the court considers the evidence the United States proffered, the court finds detention is warranted.